UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHLEY A. RODRIGUEZ,

Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED:    July 17, 2013 |

11 Civ. 6977 (PAC) (DF)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Ashley A. Rodriguez ("Rodriguez") seeks review of the final decision of
Administrative Law Judge Glenn G. Meyers (the "ALJ") denying Rodriguez's application for
disability insurance benefits. Defendant Michael J. Astrue, the Commissioner of Social Security
moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil
Procedure, seeking to affirm the ALJ's decision and to dismiss the Complaint. Rodriguez cross-
moved for judgment on the pleadings. The Court hereby adopts the June 24, 2013 Report and
Recommendation ("R&R") of Magistrate Judge Debra Freeman, rejects Rodriguez's objection to
the R&R, grants Defendant's motion for judgment on the pleadings and denies Rodriguez's
cross-motion for judgment on the pleadings.

## **BACKGROUND**[1]

Rodriguez performed a variety of jobs between approximately 1999 and 2009. On June
29, 2009, while working as a storage associate, she injured her back by helping to lift a 75-pound
box. After injuring her back, Rodriguez ceased working, sought medical treatment, and attended
physical therapy. On June 10, 2010, Rodriguez filed an application for Disability Insurance
Benefits, alleging that her disability was caused by bulging disks in her lower back and a pinched

---

[1] All facts are taken from the R&R, unless otherwise indicated.

nerve resulting from her 2009 injury. The Social Security Administration (the "SSA") denied the application on September 28, 2010, finding that Rodriguez was not disabled.

On March 16, 2011, an administrative hearing was held before the ALJ reviewing Rodriguez's claim. The ALJ heard testimony from a vocational expert who testified regarding possible jobs that a person in Rodriguez's physical condition could obtain. After the expert explained that Rodriguez could perform at least two different types of jobs that were available in significant numbers,[2] the ALJ denied Rodriguez's claim for benefits, concluding that although Rodriguez could not continue in her previous lines of work, other jobs remained open to her. The SSA denied Rodriguez's appeal and she subsequently initiated this action.

On June 24, 2013, Magistrate Judge Freeman issued an R&R recommending that Defendant's motion for judgment on the pleadings be granted and Rodriguez's cross-motion be denied. Magistrate Judge Freeman determined that there was substantial evidence to support the ALJ's findings that the jobs Rodriguez was capable of performing existed in "significant numbers" in the national economy. (R&R at 22.) On July 8, 2013, Rodriguez filed timely objections to the R&R, arguing only that the jobs that Rodriguez was able to perform were not available in "significant numbers."

## STANDARD OF REVIEW

### I. Review of Magistrate Judge Freeman's R&R

In evaluating the Report and Recommendation of a Magistrate Judge, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the

---

[2] The expert stated that Plaintiff could work as a "document preparer," of which there were 8,320 jobs then existing in the national economy and 649 within the region, or as a "final assembler," of which there were 3,420 jobs then existing in the national economy and 328 in the region. (R&R at 10.)

Magistrate Judge's recommendations, the Court is required to review the contested portions <u>de</u> <u>novo</u>. Pizarro v. Bartlett, 776 F.Supp. 815, 817 (S.D.N.Y. 1991). For uncontested portions of the R&R, the Court need only review the face of the record for clear error. Wilds v. UPS, 262 F. Supp.2d 163, 169 (S.D.N.Y. 2003).

## II. Review of the Commissioner's Denial of Benefits

A district court's review of the denial of disability benefits is limited. A court is not permitted to set aside the Commissioner's decision unless it was formed on the basis of some legal error or not supported by substantial evidence. Shaw v. Carter, 221 F.3d 126, 131 (2d Cir. 2000). The Court must first determine that the correct legal standards were applied, before considering whether there was substantial evidence to support the findings of fact. See Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984) ("'Where an error of law has been made that might have affected the disposition of the case, this court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ.'" (quoting Wiggins v. Schweiker, 679 F.2d 1387, 1389 n.3 (11th Cir. 1982)).

Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Universal Camera v. NLRB, 340 U.S. 474, 477 (1951) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)), which is "less than a preponderance, but more than a scintilla of evidence." Cellular Tel. Co. v. Town of Oyster Bay, 166 F.3d 490, 494 (2d Cir. 1999). "If the evidence is deemed susceptible to more than one rational interpretation, then [Defendant's] conclusion must be upheld" because "a court must afford [it] considerable deference and may not substitute 'its own judgment . . . , even if it might justifiably have reached a different result upon a de novo review.'" Ramsay v. Colvin, No. 12

3

Civ. 506, 2013 WL 2359004, *2 (N.D.N.Y. May 29, 2013) (quoting Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984)).

## PLAINTIFF'S OBJECTIONS AND ANALYSIS

Magistrate Judge Freeman found that "the ALJ reasonably concluded that job positions that Plaintiff could hold existed in significant numbers in the national economy." (R&R at 20.) Rodriguez objects that fewer than 1,000 jobs in a region and 12,000 jobs nationally "do[es] not constitute 'significant numbers,'" and that Defendant therefore has not met his burden of proof to deny her application. (Objections at 1.) Rodriguez further contends that "in the absence of clear-cut statutory, regulatory, or judicial guidelines, a common sense approach, with attention to the broad remedial purposes of the Social Security Act, should carry the day," and that the "significant numbers" standard should be liberally construed in her favor. (Id. at 2.)

This same argument has already been heard and rejected by the Magistrate Judge. (See R&R at 17-22 ("Plaintiff contends that, because the [expert] identified fewer than 1,000 jobs in Plaintiff's region, and fewer than 12,000 jobs nationwide that Plaintiff would be capable of performing . . . , the ALJ had an insufficient basis to find that the number of jobs that Plaintiff could perform was 'significant.' The applicable case law, however, does not support Plaintiff's argument.").) If objections are "argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition,' reviewing courts should review a report and recommendation for clear error." Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (quoting Vega v. Artuz, 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). Accordingly, the Court reviews the entirety of the R&R for clear error.

Based on the administrative hearing, and pursuant to the five-step process set forth in 20 C.F.R. §§ 404.1520 and 416.920, the ALJ made the following determinations: (1) Rodriguez had

4

not engaged in substantial gainful activity since June 29, 2009; (2) Rodriguez's history of torn cartilage in the left knee and back pain constituted a "severe" impairment (R&R at 15-16); (3) the impairment did not "meet or medically equal" any of the listed impairments specified in 20 C.F.R. Part 404, subpart 1, Appendix 1 (R&R at 16); (4) Rodriguez was unable to perform her prior work responsibilities; and (5) Defendant had satisfied its burden that there were other jobs that an individual with Rodriguez's age, education, work experience, and functional capacity could perform. Based on these determinations, the ALJ found that Rodriguez was "not disabled" under the Act. (R&R at 16.)

Magistrate Judge Freeman found that the ALJ applied the correct legal standards and that the ALJ's findings were supported by substantial evidence. With respect to Rodriguez's objection to the finding concerning the fifth factor,[3] Defendant had the burden to show that jobs for a person in Rodriguez's position existed in "significant numbers" in the national economy. 20 C.F.R. § 404.1560(c)(2). Defendant may rely on the testimony of a vocational expert regarding what jobs an applicant is capable of holding and the number of such jobs that exist in the local or national economy. See Bapp v. Bowen, 802 F.2d 601, 604-06 (2d Cir. 1986). The term "significant number" is not statutorily defined and "[c]ourts have generally found that what constitutes a 'significant' number is fairly minimal." Fox v. Comm'r of Soc. Sec., No. 02 Civ. 1160, 2009 WL 367628, at *20 (N.D.N.Y. Feb. 13, 2009) (collecting cases); see also Williams v. Astrue, 12 Civ. 6175, 2013 WL 870649, at *12 (W.D.N.Y. Mar. 7, 2013) ("the listing of only one vocation . . . was sufficient to carry the Commissioner's burden"). As confirmed by several comparable cases cited in the R&R, the ALJ did not err in finding that Defendant satisfied its

---

[3] Rodriguez does not dispute the ALJ's findings as to the first four factors.

burden of demonstrating that a "significant number" of jobs were available. (See R&R at 20.)

Having reviewed the R&R for clear error and finding none, it is hereby adopted in its entirety.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Freeman's R&R in its entirety and Rodriguez's objections to the R&R are rejected. Defendant's motion for judgment on the pleadings is GRANTED, and Rodriguez's cross-motion is DENIED. The Clerk of Court is directed to terminate the motions at docket number 8 and 10, enter judgment, and close this matter.

Dated: New York, New York
      July 17, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

6